**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| AML IP, LLC,                )<br>     Plaintiff,              )<br>                                  )<br>v.                                )<br>                                  )<br>SIGNET GROUP SERVICES US INC.   )<br>     Defendant.              ) | Civil Action No. 6:21-cv-001021<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

AML IP, LLC ("AML") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of US 7,177,979 ("the '979 patent") (referred to as the "Patent-in-Suit") by Signet Group Services US Inc. ("Zales").

**I.    THE PARTIES**

1.    Plaintiff AML is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

2.    On information and belief, Zales is a corporation existing under the laws of Bermuda, with a regular and established place of business located at 6001 W Waco Dr, Waco, TX 76710.  On information and belief, Zales sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Zales may be served at its registered agent C T Corporation System 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 or anywhere they may be found.

**II.    JURISDICTION AND VENUE**

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III. INFRINGEMENT

**A. Infringement of the '979 Patent**

6. On April 5, 2005, U.S. Patent No. 6,876,979 ("the '979 patent", attached as Exhibit A) entitled "Electronic Commerce Bridge System" was duly and legally issued by the U.S. Patent and Trademark Office. AML IP, LLC owns the '979 patent by assignment.

7. The '979 patent relates to a novel and improved methods and apparatuses for conducting electronic commerce.

8. Zales maintains, operates, and administers payment products and services that facilitate purchases from a vendor using a bridge computer that infringes one or more claims of the '979 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '979 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:



| | |
|---|---|
| wherein the vendor is associated with at least one of a plurality of service providers wherein each of the plurality of service providers has a service provider computer, and wherein the user has a user account maintained by at least one of the plurality of service providers, the method comprising: | For example, Zales is a service provider that uses a computer to manage a user account.<br /><br />https://www.zales.com/ |
| debiting the user's account by the purchase price when the user purchases the product from the given vendor; | For example, Zales debits the user account when the user purchases a product.<br /><br />https://www.zales.com/ |

| Claim Language | Evidence |
|---|---|
| determining from among the plurality of service providers, using the bridge computer, whether the given vendor is associated with the same service provider with which the user's account is maintained or is associated with a different service provider; and | For example, The reference describes **determining from among the plurality of service providers, using the bridge computer, whether the given vendor is associated with the same service provider with which the user's account is maintained or is associated with a different service provider.**<br><br>https://www.zales.com/ |
| If the service provider with which the user's account is maintained is the same as the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the user's account at that same service provider and, | For example, The reference describes **if the service provider with which the user's account is maintained is the same as the service provider with which the vendor is associated, crediting the given vendor by the purchase price using funds from the user's account at that same service provider**<br><br>https://www.zales.com/ |



These allegations of infringement are preliminary and are therefore subject to change.

10. Zales has and continues to induce infringement. Zales has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., payment products and services that facilitate purchases from a vendor using a bridge computer) such as to cause infringement of one or more of claims 1–13 of the '979 patent, literally or under the doctrine of equivalents.  Moreover, Zales has known of the '979 patent and the technology underlying it from at least the date of issuance of the patent.

11. Zales has and continues to contributorily infringe. Zales has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., payment products and

services that facilitate purchases from a vendor using a bridge computer) and related services such as to cause infringement of one or more of claims 1–13 of the '979 patent, literally or under the doctrine of equivalents. Moreover, Zales has known of the '979 patent and the technology underlying it from at least the date of issuance of the patent.

12. Zales has caused and will continue to cause AML damage by direct and indirect infringement of (including inducing infringement of) the claims of the '979 patent.

## IV. JURY DEMAND

AML hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, AML prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '979 patent;

b. award AML damages in an amount sufficient to compensate it for Defendant's infringement of the '979 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award AML an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award AML its attorneys' fees, expenses, and costs incurred in this action;

e.    declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.    a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.    award AML such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for AML IP, LLC*